12/20/2017 10:10 AM
Chris Daniel - District Clerk Harris County
Envelope No. 2139842?
By: Brittany Hal
Filed: 12/19/2017 10:18 PM

# 2017-84242 / Court: 011

### CAUSE NO. _____

| | | |
|---|---|---|
| MANUEL PEREZ AGUILAR | § | IN THE DISTRICT COURT |
| PLAINTIFF | § | |
| | § | |
| VS. | § | |
| | § | OF HARRIS COUNYT, TEXAS |
| JAY DONALD STARK AND | § | |
| MERCER TRANSPORTATION CO., INC. | § | |
| DEFENDANTS | § | _____ JUDICIAL DISTRICT |

## PLAINTIFF'S ORIGINAL PETITION
## AND REQUEST FOR DISCLOSURE

      Comes now Plaintiff, MANUEL PEREZ AGUILAR, and files this Plaintiff's Original Petition against Defendants, JAY DONALD STARK and MERCER TRANSPORTATION CO., INC.

## DISCOVERY

1.    Plaintiff intends to conduct discovery under Level 3 of Rule 190.4 of the Texas Rules of Civil Procedure and affirmatively pleads that this suit is not governed by the expedited-actions process in Texas Rule of Civil Procedure 169.

## PARTIES

2.    Plaintiff, MANUEL PEREZ AGUILAR, is an individual who resides in Harris County, Texas. In compliance with Section 30.014 of the Texas Civil Practice and Remedies Code, the last three (3) numbers of his driver's license are192 and last three (3) number of his social security number are 490.

3.    Defendant, JAY DONALD STARK, an individual who is a non-resident of Texas and whose residence is located at 5290 E. Kensington Ave., Castle Rock, Colorado 80104, USA, may be served with process by serving the J. Bruce Bugg, Jr., Chairman of the Texas Transportation Commission at 125 E. 11th Street, Austin, Texas 78701-2483, as Defendant's agent for service because this Defendant, a non-resident of Texas, was a party to a collision or accident while operating a motor vehicle in Texas. The last three (3) numbers of his Colorado driver's license are 322 and last three (3) numbers of his social security number are 426.

4.    Defendant, MERCER TRANSPORTATION CO., INC., is a foreign corporation organized and existing under the laws of the State of Indiana doing business in the state of Texas, operating under United States Department of Transportation ("US DOT") Number 154712 and Motor Carrier ("MC") Identification Number 143059. Defendant, MERCER TRANSPORTATION CO., INC., whose principal office is located at 1128 West Main St., Louisville, Kentucky 40203, is authorized to do business in Texas and

1

EXHIBIT B

may be served with process by serving its registered agent for service of process, CT CORPORATION SYSTEM at 1999 Bryan St., Suite 900, Dallas, Texas 75201-3136.

## FACTS

5.      On January 28, 2016, in La Porte, Harris County, Texas, Plaintiff, MANUEL PEREZ AGUILAR, was operating a truck/tractor and trailer traveling Eastbound in the 1000 block of Barbours Cut, when the Defendant, JAY DONALD STARK, operating a truck/tractor and trailer Northbound on the feeder road of State Highway 146, suddenly, unexpectedly and unlawfully made a right hand turn at a red light located at the intersection of Barbours Cut and the State Highway 146, into the path of Plaintiff's vehicle thereby causing a violent collision between Plaintiff's and Defendant's vehicles.

6.      At all times material, Defendant, JAY DONALD STARK, was the employee or statutory employee of Defendant, MERCER TRANSPORTATION CO., INC., and was acting within the scope of his authority as an employee or statutory employee.

7.      At the time of the wreck, Plaintiff, MANUEL PEREZ AGUILAR, a licensed commercial vehicle driver, was operating his 2006 Peterbilt truck/tractor, license plate number 1G36052, vehicle identification number 1XP5DBX76D870348.

8.      At the time of the wreck, Defendant, JAY DONALD STARK, a licensed commercial vehicle driver was operating a 2000 Peterbilt truck/tractor, which was leased by Defendant, MERCER TRANSPORTATION CO., INC

## JURISDICTION

9.      The Court has personal jurisdiction over the non-resident Defendants, JAY DONALD STARK and MERCER TRANSPORTATION CO., INC., because Defendants committed a tort, which is the subject of this suit, in whole or in part, in the state of Texas.

## NEGLIGENCE

10.     Defendant, JAY DONALD STARK, had a duty to exercise the degree of care that a reasonably careful and prudent person would use to avoid harm to others under circumstances similar to those of the incident made the basis of this lawsuit given their status as a professional truck driver. The injuries and damages sought herein were proximately caused by Defendant, JAY DONALD STARK'S, negligent, negligent per se, careless and reckless disregard of said duty. Defendant, JAY DONALD STARK'S, negligent, negligent per se, careless and reckless disregard of his duties consisted of, but are not limited to, the following acts and omissions:

        a.      Failure to exercise the reasonable care that a professional driver of a truck/tractor would use when he failed to keep a proper lookout for Plaintiff, MANUEL PEREZ AGUILAR'S, safety and the safety of the motoring public;

Certified Document Number: 77884553 - Page 2 of 6

2

EXHIBIT B

b.   Failure to exercise the reasonable care that a professional driver of a truck/tractor would use when he failed to yield the right of way;

c.   Failure to exercise the reasonable care that a professional driver of a truck/tractor would use when he operated the tractor/trailer without proper driver attention (driver inattention);

d.   Failure to exercise the reasonable care that a professional driver of a truck/tractor would use when he failed to timely apply the brakes of the truck/tractor in a manner to avoid the collision;

e.   Failure to exercise the reasonable care that a professional driver of a truck/tractor would use when he failed to take evasive action in a manner to avoid the collision;

f.   Failure to exercise the reasonable care that a professional driver of a truck/tractor would use when he attempted to make a right turn at a red traffic light when it was unsafe to do so;

g.   Failure to properly maintain the truck/tractor; and

h.   Such other various acts or omissions of negligence.

11.   At the time of the wreck, Defendant, JAY DONALD STARK, was operating the 2000 Peterbilt truck/tractor as an employee or statutory employee of Defendant, MERCER TRANSPORTATION CO., INC., in the course and scope of his employment with Defendant, MERCER TRANSPORTATION CO., INC. Defendant, JAY DONALD STARK, had use, possession and control of the tractor/trailer with the express or implied permission of Defendant, MERCER TRANSPORTATION CO., INC., an authorized Federal Motor Carrier. As such, Defendant, MERCER TRANSPORTATION CO., INC., is liable for Defendant, JAY DONALD STARK'S negligent actions and/or omissions under the doctrine of respondeat superior and/or the statutory employee doctrine.

12.   Beyond vicarious liability, Defendant, MERCER TRANSPORTATION CO., INC., bears direct liability for Plaintiff's injuries and damages as the occurrence made the basis of this suit and the resulting injuries and damages were proximately caused by the negligent conduct of Defendant, MERCER TRANSPORTATION CO., INC., in one or more of the following respects:

a.   Entrusting the truck/tractor to Defendant, JAY DONALD STARK, who was a careless, reckless, incompetent and/or unqualified driver;

b.   Failure to properly and adequately train Defendant, JAY DONALD STARK, regarding proper use and operation of the truck/tractor;

c.   Improperly and/or inadequately hiring and retaining Defendant, JAY DONALD STARK, as a professional truck driver; and

d.   Failure to properly maintain the truck/tractor.

3

EXHIBIT B

13. Each of the Defendants' acts and omissions, jointly or individually, singularly or in combination with others, constituted negligence which proximately caused the occurrence made the basis of this action and Plaintiff, MANUEL PEREZ AGUILAR'S, injuries and damages.

14. Additionally, Defendants' negligence violated statutory rules and/or administrative regulations that are designed to protect and safeguard the class of persons to which Plaintiff, MANUEL PEREZ AGUILAR, belonged from the type of injuries and damages suffered by Plaintiff. The statutes and regulations are the type that impose tort liability and Defendants' violation of the statutes and regulations are without legal excuse. Defendants are therefore liable for negligence per se as said acts or omissions were a proximate cause of the injuries and damages sustained by Plaintiff as alleged and set forth herein.

15. As a result of the Defendants' negligent conduct, Plaintiff, MANUEL PEREZ AGUILAR, suffered severe bodily injuries. Specifically, Plaintiff suffered injuries to the head, neck, back, spine and wrist. Plaintiff's entire body was bruised, battered and contused. The injuries are permanent in nature. As a further result of the nature and the consequences of his injuries, Plaintiff has suffered great physical and mental pain, suffering and anguish, and in all reasonable probability he will suffer and will continue to suffer in this manner for a long time into the future, if not for the balance of his life. Additionally, the Plaintiff has suffered physical impairment as a result of his injuries and it is reasonably probable that Plaintiff's physical impairment is permanent in nature.

## DAMAGES

16. As a direct and proximate result of the occurrence made the basis of this lawsuit, and the negligent and/or grossly negligent acts or omissions of the Defendants set out above, Plaintiff, MANUEL PEREZ AGUILAR, suffered serious bodily injuries that resulted in personal physical injury and physical sickness, including but not limited to, injuries to head, neck, back, wrist and body in general, as well as pain, anxiety, and mental anguish.

17. Because of the nature and severity of the injuries sustained, Plaintiff, MANUEL PEREZ AGUILAR, is entitled to monetary compensation for damages in an amount within the jurisdictional limits of this Court, as set out further below, and which the jury deems just and fair, to include, but not limited to, the following elements of damages which have occurred in the past and, in all reasonable probability, will be sustained in the future:

    a. Reasonable medical care and expenses sustained by Plaintiff in the past. These expenses were incurred by Plaintiff for the necessary care and treatment of the injuries resulting from the collision complained of herein and such charges are reasonable and are usual and customary for such services;

4

Certified Document Number: 77884553 - Page 4 of 6

EXHIBIT B

Certified Document Number: 77884553 - Page 5 of 6

b.  Reasonable and necessary medical care and expenses sustained by Plaintiff which, in all reasonable probability, will be incurred in the future;

c.  Physical pain and suffering sustained by Plaintiff in the past;

d.  Physical pain and suffering, which, in all reasonable probability, will be sustained by Plaintiff in the future;

e.  Mental anguish sustained by Plaintiff in the past;

f.  Mental anguish, which, in all reasonable probability, will be sustained by Plaintiff in the future;

g.  Physical impairment, other than the ability to earn money, sustained by Plaintiff in the past;

h.  Disfigurement, which, in all reasonable probability, will be sustained by Plaintiff in the past;

i.  Disfigurement, which, in all reasonable probability, will be sustained by Plaintiff in the future;

j.  Physical impairment, other than the ability to earn money that, in reasonable probability, will be sustained by Plaintiff in the future;

k.  Loss of earnings and/or the capacity to earn sustained by Plaintiff in the past; and

l.  Loss of earnings and/or the capacity to earn that, in reasonable probability, will be sustained by Plaintiff in the future.

18. Defendant's negligence and gross negligence proximately caused extensive damage to Plaintiff, MANUEL PEREZ AGUILAR'S, truck/tractor and Defendants are liable for the loss of use and diminution in value of the vehicle.

19. The conduct of Defendants jointly or individually, as described herein constituted gross negligence which proximately caused the occurrence made the basis of this action and Plaintiff, MANUEL PEREZ AGUILAR'S, injuries and damages.

20. Defendants' conduct involved on extreme degree of risk, considering the probability and magnitude of the potential harm to Plaintiff, MANUEL PEREZ AGUILAR, and the motoring public. Defendants had actual, subjective awareness of the risk involved, but nevertheless proceeded with conscious indifference to the rights, safety or welfare of

5

EXHIBIT B

Plaintiff and the motoring public. Therefore, Plaintiff asserts a claim for exemplary damages under Texas Civil Practice & Remedies Code § 41.003(a)(3).

## JURY DEMAND

Plaintiff demands a jury trial and tenders the appropriate fee with this petition.

## REQUEST FOR DISCLOSURE

Pursuant to Texas Rules of Civil Procedure, Plaintiff requests that Defendants disclose, within 50 days of the service of this request, the information or material described in Rule 194.2 (a)-(l).

## PRAYER

Wherefore, Premises Considered, Plaintiff requests that the Court issue citations for Defendants, JAY DONALD STARK and MERCER TRANSPORTATION CO., INC., to appear and answer herein, and that Plaintiff, MANUEL PEREZ AGUILAR, be awarded judgment against Defendants, jointly and severally, for the following:

a.   Actual damages;

b.   Exemplary damages;

c.   Prejudgment and post judgment interest;

d.   Court costs; and

e.   All other relief to which Plaintiff is entitled.

Respectfully Submitted,

G. CRIST BURGER
SBN: 03378625
6363 Woodway, Suite 725
Houston, Texas 77057
gcristburger@gmail.com
713-783-4120
713-783-8812 FAX
ATTORNEY FOR PLAINTIFF,
MANUEL PEREZ AGUILAR

6

Certified Document Number: 77884553 - Page 6 of 6

EXHIBIT B



I, Chris Daniel, District Clerk of Harris
County, Texas certify that this is a true and
correct copy of the original record filed and or
recorded in my office, electronically or hard
copy, as it appears on this date.
Witness my official hand and seal of office
this ___January 23, 2018___

Certified Document Number:        ___77884553 Total Pages:  6___

Chris Daniel, DISTRICT CLERK
HARRIS COUNTY, TEXAS

In accordance with Texas Government Code 406.013 electronically transmitted authenticated
documents are valid. If there is a question regarding the validity of this document and or seal
please e-mail support@hcdistrictclerk.com

EXHIBIT B

# CIVIL CASE INFORMATION SHEET

Chris Daniel - District Clerk
Harris County
Envelope No: 21398428
By: HALL, BRITTANY
Filed: 12/19/2017 10:18:01 PM

CAUSE NUMBER *(FOR CLERK USE ONLY):* **2017-84242 / Court: 011**  COURT *(FOR CLERK USE ONLY):*

STYLED **MANUEL PEREZ AGUILAR VS. JAY DONALD STARK AND MERCER TRANSPORTATION CO., INC.**
*(e.g., John Smith v. All American Insurance Co; In re Mary Ann Jones; In the Matter of the Estate of George Jackson)*

A civil case information sheet must be completed and submitted when an original petition or application is filed to initiate a new civil, family law, probate, or mental health case or when a post-judgment petition for modification or motion for enforcement is filed in a family law case. The information should be the best available at the time of filing.

| 1. Contact information for person completing case information sheet: | Names of parties in case: | Person or entity completing sheet is: |
|---|---|---|
| Name: <br> G. Crist Burger <br><br> Address: <br> 6363 Woodway Dr. Ste.725 <br><br> City/State/Zip: <br> Houston, Tx. 77057 <br><br> Signature: | Email: <br> gcristburger@gmail.com <br><br> Telephone: <br> 713.783.4120 <br><br> Fax: <br> 713.783.8812 <br><br> State Bar No: <br> 03378625 | ☒ Attorney for Plaintiff/Petitioner <br> ☐ Pro Se Plaintiff/Petitioner <br> ☐ Title IV-D Agency <br> ☐ Other: |
| | Plaintiff(s)/Petitioner(s): <br><br> MANUEL PEREZ AGUILAR <br><br> Defendant(s)/Respondent(s): <br><br> JAY DONALD STARK and <br> MERCER TRANSPORTATION CO., <br> INC. <br><br> [Attach additional page as necessary to list all parties] | Additional Parties in Child Support Case: <br><br> Custodial Parent: <br><br> Non-Custodial Parent: <br><br> Presumed Father: |

**2. Indicate case type, or identify the most important issue in the case *(select only 1):***

| Civil | | | Family Law | |
|---|---|---|---|---|
| **Contract** | **Injury or Damage** | **Real Property** | **Marriage Relationship** | **Post-Judgment Actions (non-Title IV-D)** |
| *Debt/Contract* <br> ☐ Consumer/DTPA <br> ☐ Debt/Contract <br> ☐ Fraud/Misrepresentation <br> ☐ Other Debt/Contract: <br><br> *Foreclosure* <br> ☐ Home Equity—Expedited <br> ☐ Other Foreclosure <br> ☐ Franchise <br> ☐ Insurance <br> ☐ Landlord/Tenant <br> ☐ Non-Competition <br> ☐ Partnership <br> ☐ Other Contract: | ☐ Assault/Battery <br> ☐ Construction <br> ☐ Defamation <br> *Malpractice* <br> ☐ Accounting <br> ☐ Legal <br> ☐ Medical <br> ☐ Other Professional <br>    Liability: _____ <br> ☒ Motor Vehicle Accident <br> ☐ Premises <br> *Product Liability* <br> ☐ Asbestos/Silica <br> ☐ Other Product Liability <br>    List Product: <br><br> ☐ Other Injury or Damage: | ☐ Eminent Domain/ <br>    Condemnation <br> ☐ Partition <br> ☐ Quiet Title <br> ☐ Trespass to Try Title <br> ☐ Other Property: <br><br> **Related to Criminal Matters** <br> ☐ Expunction <br> ☐ Judgment Nisi <br> ☐ Non-Disclosure <br> ☐ Seizure/Forfeiture <br> ☐ Writ of Habeas Corpus— <br>    Pre-indictment <br> ☐ Other: | ☐ Annulment <br> ☐ Declare Marriage Void <br> *Divorce* <br> ☐ With Children <br> ☐ No Children <br><br><br> **Other Family Law** <br> ☐ Enforce Foreign <br>    Judgment <br> ☐ Habeas Corpus <br> ☐ Name Change <br> ☐ Protective Order <br> ☐ Removal of Disabilities <br>    of Minority <br> ☐ Other: | ☐ Enforcement <br> ☐ Modification—Custody <br> ☐ Modification—Other <br> **Title IV-D** <br> ☐ Enforcement/Modification <br> ☐ Paternity <br> ☐ Reciprocals (UIFSA) <br> ☐ Support Order <br><br> **Parent-Child Relationship** <br> ☐ Adoption/Adoption with <br>    Termination <br> ☐ Child Protection <br> ☐ Child Support <br> ☐ Custody or Visitation <br> ☐ Gestational Parenting <br> ☐ Grandparent Access <br> ☐ Paternity/Parentage <br> ☐ Termination of Parental <br>    Rights <br> ☐ Other Parent-Child |
| **Employment** | **Other Civil** | | | |
| ☐ Discrimination <br> ☐ Retaliation <br> ☐ Termination <br> ☐ Workers' Compensation <br> ☐ Other Employment: | ☐ Administrative Appeal <br> ☐ Antitrust/Unfair <br>    Competition <br> ☐ Code Violations <br> ☐ Foreign Judgment <br> ☐ Intellectual Property | ☐ Lawyer Discipline <br> ☐ Perpetuate Testimony <br> ☐ Securities/Stock <br> ☐ Tortious Interference <br> ☐ Other: | | |
| **Tax** | **Probate & Mental Health** | | | |
| ☐ Tax Appraisal <br> ☐ Tax Delinquency <br> ☐ Other Tax | *Probate/Wills/Intestate Administration* <br> ☐ Dependent Administration <br> ☐ Independent Administration <br> ☐ Other Estate Proceedings | ☐ Guardianship—Adult <br> ☐ Guardianship—Minor <br> ☐ Mental Health <br> ☐ Other: | | |

**3. Indicate procedure or remedy, if applicable *(may select more than 1):***

| | | |
|---|---|---|
| ☐ Appeal from Municipal or Justice Court <br> ☐ Arbitration-related <br> ☐ Attachment <br> ☐ Bill of Review <br> ☐ Certiorari <br> ☐ Class Action | ☐ Declaratory Judgment <br> ☐ Garnishment <br> ☐ Interpleader <br> ☐ License <br> ☐ Mandamus <br> ☐ Post-judgment | ☐ Prejudgment Remedy <br> ☐ Protective Order <br> ☐ Receiver <br> ☐ Sequestration <br> ☐ Temporary Restraining Order/Injunction <br> ☐ Turnover |

**4. Indicate damages sought *(do not select if it is a family law case):***
☐ Less than $100,000, including damages of any kind, penalties, costs, expenses, pre-judgment interest, and attorney fees
☐ Less than $100,000 and non-monetary relief
☐ Over $100, 000 but not more than $200,000
☒ Over $200,000 but not more than $1,000,000
☐ Over $1,000,000

EXHIBIT B



I, Chris Daniel, District Clerk of Harris
County, Texas certify that this is a true and
correct copy of the original record filed and or
recorded in my office, electronically or hard
copy, as it appears on this date.
Witness my official hand and seal of office
this   January 23, 2018

Certified Document Number:        77884554 Total Pages:  1

Chris Daniel, DISTRICT CLERK
HARRIS COUNTY, TEXAS

**In accordance with Texas Government Code 406.013 electronically transmitted authenticated
documents are valid. If there is a question regarding the validity of this document and or seal
please e-mail support@hcdistrictclerk.com**

EXHIBIT B

1/18/2018 4:22 PM
Chris Daniel - District Clerk Harris County
Envelope No. 21911244
By: Jacob Blessing
Filed: 1/18/2018 4:22 PM

## CAUSE NO. 2017-84242

| | | |
|---|---|---|
| MANUEL PEREZ AGUILAR | § | IN THE DISTRICT COURT OF |
| | § | |
| V. | § | HARRIS COUNTY, T E X A S |
| | § | |
| JAY DONALD STARK AND | § | |
| MERCER TRANSPORTATION CO., INC. | § | 11TH JUDICIAL DISTRICT |

### DEFENDANTS' ORIGINAL ANSWER,
### DEMAND FOR JURY TRIAL AND REQUEST FOR DISCLOSURE

TO THE HONORABLE JUDGE OF SAID COURT:

COME NOW Defendants, Mercer Transportation Co., Inc. and Jay Stark, and file this their Answer to the petition filed by Plaintiff, and would respectfully show unto this Honorable Court as follows:

### I.

### GENERAL DENIAL

1.     As provided by Rule 92 of the Texas Rules of Civil Procedure, Defendants enter a general denial of the matters pleaded by Plaintiff's Petition and asks that these matters be properly decided by this Honorable Court and Jury.

### II.

### AFFIRMATIVE DEFENSES

2.     Answering specifically, Defendants would show the Court and Jury that the accident was caused by Plaintiff's failure to exercise that degree of care which persons of ordinary prudence under the same or similar circumstances would have exercised and, as such, said failure was the sole cause and/or proximate cause of the accident that is the basis of this suit.

3.     Defendants request that the Court submit questions and ask the Jury to assess the proportionate responsibility of Plaintiff pursuant to Texas Civil Practice & Remedies Code

599777.1 PLD 0001303 20100 DWP

EXHIBIT B

33.001 *et. seq.*

4.      Pleading further, or in the alternative, the accident at issue in this case is the result of an unavoidable accident.

5.      Pleading further, or in the alternative, the accident in question was caused by the acts or omissions of parties or instrumentalities over which Defendants had no control.

6.      Pleading further, or in the alternative, this accident is the result of independent or intervening causation, breaking the connection between any action of Defendants and the accident made the basis of this suit.

7.      Pleading further, or in the alternative, Defendants state that the accident in question is the result of a sudden emergency situation.

8.      Defendants further invoke §18.091 of the Texas Civil Practice & Remedies Code and requests that to the extent Plaintiff seeks recovery for lost wages, or loss of earning capacity, that the evidence to prove such loss must be presented in the form of a net loss after reduction for income tax payments or unpaid tax liability pursuant to the Texas Civil Practice & Remedies Code and other applicable statutes and/or case law.

9.      Pleading further, Defendants invoke the statutory defense set forth in §41.0105 of the Texas Civil Practice & Remedies Code and request that to the extent Plaintiff seeks recovery of medical or healthcare expenses, the evidence to prove such loss be limited to the amount actually paid by or on behalf of the Plaintiff, as opposed to the amount charged.

10.     Pleading further, to the extent that Plaintiff had or has coverage under a health insurance policy, hospitalization insurance policy, accident insurance policy, a "health benefit plan" as defined by  §146.001(1) of the Texas Civil Practice & Remedies Code, and/or any other insurance and/or indemnity coverage that would be applicable to, or provide coverage for, any of

599777.1 PLD 0001303 20100 DWP

Certified Document Number: 78203639 - Page 2 of 5

EXHIBIT B

the medical and and/or healthcare expenses allegedly incurred by Plaintiff in connection with the incident in question and/or the injuries allegedly resulting therefrom, the Defendants would show that Plaintiff failed to mitigate his alleged damages by failing to submit such healthcare expenses to his insurance carrier and/or other health benefit plan and/or by failing to timely inform the health care service provider of the existence of such insurance coverage and/or health benefit plan and requesting that the health care service provider submit a claim for reimbursement to the Plaintiff's insurer(s) and/or health benefit plan. Furthermore, to the extent that Plaintiff's health care service provider(s) failed and/or refused to timely and directly bill the insurer and/or health benefit plan for health care services provided when required or authorized to do so, then claims by such health care service provider(s) are barred, in whole or in part, and do not constitute medical expenses actually paid or incurred by or on behalf of the Plaintiff. See, §146.001, et. seq. of the Texas Civil Practice & Remedies Code ("Certain Claims by Health Care Service Providers Barred").

11.    Pursuant to §304.1045 of the Texas Finance Code, pre-judgment interest is not available to Plaintiff on future damages, if any.

12.    Pleading additionally, or in the alternative, Defendants contend the Plaintiff failed to mitigate his damages.  Plaintiff's damages were caused or exacerbated due to his failure to mitigate.

**III.**

13.    Pursuant to Rule 216 of the Texas Rules of Civil Procedure, Defendants hereby formally make this demand for a trial by jury and pay the jury fee in the amount of $40.00.

599777.1 PLD 0001303 20100 DWP

EXHIBIT B

**IV.**

14.     Pursuant to the Texas Rules of Civil Procedure, Defendants request Plaintiff's disclosure, within thirty (30) days of service of this request, the information and material described in Texas Rules of Civil Procedure 194.2 (a)-(l).

**V.**

15.     By way of further Answer, Defendants hereby give actual notice to Plaintiff that any and all documents produced during discovery may be used against the Plaintiff, at any pre-trial proceeding and/or trial of this matter without the necessity of authenticating the document. This notice is given pursuant to Rule 193.7 of the Texas Rules of Civil Procedure.

WHEREFORE, PREMISES CONSIDERED, Defendant, Mercer Transportation Co., Inc. and Jay Stark, pray that Plaintiff Manuel Perez Aguilar take nothing by this suit and for such other and further relief, both general and special, at law and in equity, to which Defendants may be justly entitled.

Respectfully submitted,

LORANCE & THOMPSON, P.C.

David W. Prasifka
SBN: 16231700
EMAIL: dwp@lorancethompson.com
2900 North Loop West, Suite 500
Houston, Texas 77092
(713) 868-5560
(713) 864-4671 Fax
**ATTORNEYS FOR DEFENDANTS**

599777.1 PLD 0001303 20100 DWP

EXHIBIT B

## CERTIFICATE OF SERVICE

I hereby certify that on this 18th day of January 2018 a true and correct copy of the foregoing instrument was served electronically, in person, by mail, by commercial delivery service, by fax, or by email, to the following counsel of record:

G. Crist Burger
6363 Woodway, Suite 725
Houston, TX 77057
gcristburger@gmail.com

_____
David W. Prasifka

599777.1 PLD 0001303 20100 DWP

EXHIBIT B



I, Chris Daniel, District Clerk of Harris
County, Texas certify that this is a true and
correct copy of the original record filed and or
recorded in my office, electronically or hard
copy, as it appears on this date.
Witness my official hand and seal of office
this    January 23, 2018


Certified Document Number:        78203639 Total Pages:  5




Chris Daniel, DISTRICT CLERK
HARRIS COUNTY, TEXAS




**In accordance with Texas Government Code 406.013 electronically transmitted authenticated
documents are valid. If there is a question regarding the validity of this document and or seal
please e-mail support@hcdistrictclerk.com**


EXHIBIT B